# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## HELENA DIVISION

| | |
|---|---|
| ANTHONY EVANS, | Cause No. CV 11-65-H-DWM-RKS |
| Plaintiff, | |
| vs. | ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND TO SERVE COMPLAINT BY REQUESTING WAIVER OF SERVICE OF SUMMONS |
| ROSS SWANSON, TOM WOOD, DENISE DEYOTT, MATTHEW J. SAVILLE, MONTANA STATE PRISON, | |
| Defendants. | (Defendants see D.Mont. L.R. 12.2) |

## SYNOPSIS

Mr. Evans filed a motion to proceed in forma pauperis (C.D. 1) and a complaint (C.D. 2) on November 2, 2011, and a brief in support of his complaint on December 7, 2011 (C.D. 4). Mr. Evans is a prisoner proceeding pro se with this action under 42 U.S.C. § 1983. Jurisdiction lies pursuant to 28 U.S.C. § 1331. Mr. Evans alleges Defendants have violated his constitutional rights by prohibiting him from obtaining certain books and corresponding with white supremacy organizations.

Mr. Evans' motion to proceed in forma pauperis will be granted. After review of this action under 28 U.S.C. § 1915, dismissal is not appropriate at this time. Defendants must make an appearance on Mr. Evans' claims.

**MOTION TO PROCEED IN FORMA PAUPERIS**

Mr. Evans submitted a declaration and account statement sufficient to make the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(b)(1), Mr. Evans is required to pay the statutory filing fee for this action of $350.00. Mr. Evans submitted account statements showing average monthly deposits of $17.92 over the six months immediately preceding the filing of this action. Therefore, an initial partial filing fee of $3.58 will be assessed by this Order. 28 U.S.C. § 1915(b)(1)(B) (allowing an assessment in the amount of 20% of the prisoner's average monthly deposits). By separate order, the Court will direct the appropriate agency to collect the initial partial filing fee from Mr. Evans' account and forward it to the Clerk of Court.

Thereafter, Mr. Evans must make monthly payments of 20% of the preceding month's income credited to Mr. Evans' prison trust account. The percentage is set by statute and cannot be altered. *See* 28 U.S.C. § 1915(b)(2). By separate order, the Court will direct the agency having custody of Mr. Evans to forward payments from Mr. Evans' account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Mr. Evans' complaint shall be deemed filed as of the date the Motion to Proceed in Forma Pauperis was filed and the proposed complaint was delivered to the Clerk of Court. *Loya v. Desert Sands Unified Sch. Dist.,* 721 F.2d 279, 280-81 (9th Cir. 1983); *see also United States v. Dae Rim Fishery Co.,* 794 F.2d 1392, 1395 (9th Cir. 1986) (concluding complaint constructively filed when delivered to clerk of court).

**REVIEW UNDER 28 U.S.C. § 1915(e)(2)**

Mr. Evans is a prisoner proceeding in forma pauperis. His complaint must be reviewed under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. Sections 1915A(b) and 1915(e)(2)(B) require dismissal of a complaint before it is served upon the defendants if it is "frivolous," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the grounds of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (quotation omitted). This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Twombly*, 550

U.S. 544.  A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89 (2007)(quoting *Bell*, 127 S.Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41 (1957))).

Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted).  The "plausibility standard" is guided by two working principles.  *Iqbal, 129 S.Ct. at 1949*.  First, although all of the allegations contained in a complaint must be accepted as true, that tenet "is inapplicable to legal conclusions."  *Iqbal, 129 S.Ct. at 1949*.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal, 129 S.Ct. at 1949*.  Second, "[d]etermining whether a complaint states a plausible claim for relief will, . . . , be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal, 129 S.Ct. at 1950*.

Pleadings that are no more than conclusions are "not entitled to the assumption of truth."  *Iqbal,* 129 S.Ct. at 1950.  Legal conclusions must be supported by factual allegations.  *Iqbal,* 129 S.Ct. at 1950.  Even after *Twombly*, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint,

however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'." *Erickson*, 127 S.Ct. at 2200.

## ALLEGATIONS

Mr. Evans alleges two claims. First, Mr. Evans contends Defendants Montana State Prison, Deputy Warden Ross Swanson, and Inmate Property Supervisor Matthew Saville violated his rights under the First Amendment and Equal Protection Clause of the Fourteenth Amendment by prohibiting him from ordering Mein Kampf by Adolf Hitler and The Roots of National Socialism by Rohan D. Butler. C.D. 2, p. 3-4. Specifically, Mr. Evans alleges his book order for Mein Kampf and The Roots of National Socialism was disapproved on December 16, 2010. C.D. 2, p. 3-4. Defendants allegedly denied him these books under MSP policy 5.4.1. Mr. Evans contends that neither of the books he seeks advocate violence or illegal activity. C.D. 4, p. 4. Mr. Evans alleges Defendants permit other prisoners to order Communist, Republican, Democratic, and other political publications but prohibit him from possessing National Socialist publications and books. C.D. 2, p. 5.

Mr. Evans purports to have exhausted all required administrative remedies for this claim. C.D. 2, p. 6. Although Mr. Evans cites to Exhibits 2-6 regarding his exhaustion requirement, no such exhibits were attached to his complaint.

However, Mr. Evans is not required to provide documentation of his exhaustion at this point, or even plead that he has exhausted.  Fed. R. Civ. P. 8;  *Wyatt v. Terhune*, 315 F.3d 1108, 1112 (9th Cir. 2003) (Exhaustion of administrative remedies is not a pleading requirement); *Jones v. Bock*, 549 U.S. 199, 216 (2007) (Exhaustion is an affirmative defense and inmates are not required to specially plead or demonstrate exhaustion in their complaints).

Second, Mr. Evans claims Defendants Mr. Swanson, Mr. Wood, and Ms. Deyott violated his rights under the First Amendment and Equal Protection Clause of the Fourteenth Amendment by having a "total ban" on written correspondence with the National Socialist Movement (NSM), the American Nazi Party (ANP), and the National Association for the Advancement of White People (NAAWP).  C.D. 2, p. 6.  Specifically, Mr. Evans alleges the MSP mailroom returned his letters addressed to the NSM, ANP, and NAAWP on August 5, 2011.  C.D. 2, p. 6.  Defendants allegedly provided no explanation for why they would not post Mr. Evans' letters.  Mr. Evans alleges that MSP policy 5.4.1 § III.A.3.a(2) states that "inmates are allowed to send correspondence to any person or organization."  C.D. 2, p. 7.

Again, Mr. Evans alleges that he exhausted all required administrative remedies for this claim, and he was not required to attach the cited Exhibits 8 & 9

to his complaint to prove his exhaustion at this stage in the proceedings. C.D. 2, p. 9.

**RELIEF SOUGHT**

Mr. Evans seeks declaratory judgment of the following: his First and Fourteenth Amendment rights have been violated; he has a constitutional right to possess Mein Kampf and The Roots of National Socialism; MSP Policy 5.4.1 is an unconstitutional blanket policy; he has a constitutional right to correspond with white supremacist organizations; Defendants' total ban on mail to white supremacist organizations is too restrictive; Defendants are required to review all mail individually; and literature advocating racial purity or supremacy but not violence or illegal activity cannot be constitutionally banned. C.D. 2, p. 10-11.

Mr. Evans seeks permanent injunctions against MSP, Mr. Swanson, and Mr. Saville ordering them to permit him to possess Mein Kampf and The Roots of National Socialism; and against Mr. Swanson, Mr. Wood, and Ms. Deyott ordering them to lift the total ban on sending and receiving mail to and from white supremacy organizations. C.D. 2, p. 11-12.

**OFFICIAL CAPACITY**

Mr. Evans has sued the individual Defendants in their official capacity and alleges they were all acting under color of law while allegedly violating his

constitutional rights.  C.D. 2, p. 3.  He seeks only declaratory judgment and permanent injunctions, no monetary damages.  C.D. 2, p. 3.  Mr. Evans' suit against Montana State Prison is barred by the Eleventh Amendment and should be dismissed.  *S. Pac. Transp. Co. v. City of Los Angeles*, 922 F.2d, 498, 508 (9th Cir. 1990)(Eleventh Amendment bars suits against states and state agencies regardless of the relief sought).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a "person" acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). State officials sued in their official capacity for damages are not "persons" in § 1983 cases; however, state officials sued in their official capacity in actions seeking injunctive relief are persons.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1997).

Prison officials acting in their official capacity act under color of state law. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).  While many state officials are entitled to absolute immunity from § 1983 suits, prison officials are not among them.  *Procunier v. Navarette*, 434 U.S. 555, 561 (1978).  Qualified immunity does not apply to suits for injunctive relief.  *Hydrick v. Hunter*, 500 F.3d 978, 988

(9th Cir. 2007)(vacated on other grounds by *Hunter v. Hydrick*, 129 S.Ct. 2431 (2009)).  A state official may be sued for prospective injunctive relief from continuing or impending state action which violates the federal constitution or a federal statute.  *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14, (1985); *Ex Parte Young*, 209 U.S. 123, 159-160 (1908).

As Mr. Evans has sued Defendants in their official capacities and is only seeking injunctive relief, Defendants are not entitled to qualified immunity in this matter.  His claim will be served on Defendants and any necessary further investigation of this issue can be determined through the discovery process.

**ANALYSIS**

**Claim One**

Mr. Evans' allegation that Defendants Mr. Swanson and Mr. Saville violated his First Amendment and Fourteenth Amendment Equal Protection rights by not allowing him to possess Mein Kampf and The Roots of National Socialism states a claim under § 1983 and will be served.

Prisoners' First Amendment rights are restricted for incoming publications for many reasons.  The United States Supreme Court discussed the restrictions:

We deal here with incoming publications, material requested by an individual inmate but targeted to a general audience. Once in the prison, material of this kind

reasonably may be expected to circulate among prisoners, with the concomitant potential for coordinated disruptive conduct. Furthermore, prisoners may observe particular material in the possession of a fellow prisoner, draw inferences about their fellow's beliefs, sexual orientation, or gang affiliations from that material, and cause disorder by acting accordingly.

*Thornburgh v. Abbott*, 490 U.S. 401, 413 (1989).

"When a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). The *Turner* reasonableness inquiry governing incoming prison publications has four factors: (1) whether the underlying governmental objective is legitimate and neutral and the regulations are rationally related to that objective; (2) whether the prisoners have any alternative means of exercising the right in question; (3) the impact that accommodating the constitutional right in question will have on the other inmates and guards; and (4) whether the prison can easily use alternative means that do not infringe on the prisoners' rights. *Abbott*, 409 U.S. at 414-419, citing *Turner*, 482 U.S. at 90-92.

"Some content regulation is permissible in the prison context." *McCabe v. Arave*, 827 F.2d 634 (9th Cir. 1987) citing *Martinez*, 416 U.S. at 416, (suggesting material that might be thought to encourage violence could be banned); *Murphy v. Missouri Dep't of Corrections*, 814 F.2d 1252, 1257 (8th Cir. 1987) (Aryan

Nation materials that advocate violence or that are so racially inflammatory as to be reasonably likely to cause violence can be banned); *Aikens v. Jenkins*, 534 F.2d 751, 757 (7th Cir. 1976) (*Procunier* does not prohibit ban on literature that may reasonably be thought to encourage violence).

In *McCabe*, the Ninth Circuit distinguished between racist religious literature that could be characterized as posing a threat of violence, and religious literature that merely contained racist views. "[L]iterature advocating racial purity, but not advocating violence or illegal activity as a means of achieving this goal, and not so racially inflammatory as to be reasonably likely to cause violence at the prison, cannot be constitutionally banned as rationally related to rehabilitation." *McCabe*, 827 F.2d at 638.

Mr. Evans appears to allege both that MSP Policy 5.4.1 is facially unconstitutional and Defendants' application of the policy violates his First Amendment rights. Mr. Evans' allegation that MSP Policy 5.4.1 is a "generalized blanket policy" challenges the policy on its face, while his allegation that Defendants' violated his rights by denying his book orders challenges Defendants' application of the policy. C.D. 2, p. 4.

The Ninth Circuit's *Turner* analysis in *McCabe* requires Mr. Evans' claim be served on Defendants. Mr. Evans specifically alleges that the books he seeks

do not advocate violence or illegal activity.  C.D. 4, p. 4. Taking his pleadings as true, as required to do here, Mr. Evans meets this step of the *McCabe* test. Whether Mein Kampf by Adolf Hitler is "so racially inflammatory as to be reasonably likely to cause violence at the prison" is a more difficult question. Even assuming the book does not advocate violence, the notoriety of the author is cause for concern.  However, it is premature to conclude this issue at this stage in the proceedings.  Mr. Evans has stated a claim and Defendants must respond to his first allegation.

**Claim Two**

Mr. Evans' second claim alleging Defendants have a "total ban" on correspondence with white supremacy organizations also states a claim under § 1983.  Mr. Evans argues Defendants' application of MSP Policy 5.4.1 is discriminatory because they prohibit sending or receiving mail to the ANP, NSM, NAAWP, and other white supremacist organizations but permit sending and receiving mail to and from other political and religious organizations.  C.D. 2, p. 7.

Prisoners have a right under the First Amendment to send and receive mail. *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995).  Regulations of incoming mail must meet the *Turner* factors discussed above.  *Id.*  Regulations of outgoing mail

from prisoners must have a "closer fit between the regulation and the purpose it serves" than incoming mail. *Id.* citing *Procunier v. Martinez*, 416 U.S. 396, 413 (1974). Neither incoming nor outgoing mail restrictions must satisfy a "least restrictive means" test. *Id.* Constitutional due process requires that inmates receive notice when their mail is rejected, and that complaints regarding the rejection be reviewed by someone other than the prison official who rejected the mail. *Procunier v. Martinez*, 416 U.S. at 417-419.

Mr. Evans' allegation that Defendants have a total ban on correspondence with white supremacy organizations despite the MSP policy permitting correspondence with any person or organization states a cognizable claim under *Turner*. Defendants must respond to Mr. Evans' second claim.

**CONCLUSION**

The undersigned has considered whether Mr. Evans' complaint is frivolous, malicious, fails to state a claim, or seeks solely monetary relief from a defendant who is immune, 28 U.S.C. §§ 1915(e)(2), 1915A(b), and whether Mr. Evans has a reasonable opportunity to prevail on the merits. 42 U.S.C. § 1997e(g). Dismissal is not appropriate at this time. Defendants must make an appearance on Mr. Evans' claims.

Based on the foregoing, it is **RECOMMENDED**:

1. Defendant Montana State Prison be dismissed from this action as barred by the Eleventh Amendment.

**ORDER**

1. Plaintiff's Motion to Proceed in Forma Pauperis (Court Doc. 1) is GRANTED. The Clerk of Court shall waive prepayment of the filing fee.

2. The Clerk shall edit the text of the docket entry for the Complaint to remove the word "LODGED" and the Complaint is DEEMED FILED on November 2, 2011.

3. Pursuant to Fed.R.Civ.P. 4(d), the Court will request Defendants to waive service of summons by executing, or having counsel execute, the Waiver of Service of Summons. The Waiver must be returned to the Court within thirty (30) days of the entry date reflected on the Notice of Electronic Filing. If Defendants choose to return the Waiver of Service of Summons, their answer or appropriate motion will be due within 60 days after the entry date of this Order as reflected on the Notice of Electronic Filing, pursuant to Fed.R.Civ.P. 12(a)(1)(B).

4. The Clerk of Court shall forward the following to:

Legal Counsel for the Montana Department of Corrections
    P.O. Box 201301
    Helena, MT 59620-1301

    \*      Complaint (Court Doc. 2);

\*      Brief in Support (Court Doc. 4);
\*      this Order;
\*      a Notice of Lawsuit & Request to Waive Service of Summons; and
\*      a Waiver of Service of Summons.

Should counsel determine they do not represent Defendants in this matter, they should notify the Court's Pro Se Department as soon as possible.

Counsel for Defendants must file a "Notice of Appearance" as a separate document at the time an Answer or Rule 12 motion is filed. See D. Mont. L.R. 12.2.

5. Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11. If a party wishes to give the Court information, such information must be presented in the form of a notice. The Court will not consider requests made or information presented in letter form.

6. Pursuant to Fed.R.Civ.P. 5(a), all documents presented for the Court's consideration must be simultaneously served by first-class mail upon the opposing party or their counsel if the party is represented. Each party shall sign and attach a proper certificate of service to each document filed with the Court. The

15

Certificate of Service must state the date on which the document was deposited in the mail and the name and address of the person to whom the document was sent. The sender must sign the certificate of service.

7. Mr. Evans shall not make any motion for default until at least seventy (70) days after the date of this Order.

8. At all times during the pendency of this action, Mr. Evans SHALL IMMEDIATELY ADVISE the Court and opposing counsel of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except if Mr. Evans has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

DATED this 3rd day of January, 2012.


/s/ Keith Strong
United States Magistrate Judge

## NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

TO:  Legal Counsel for the
     Montana Department of Corrections
     P.O. Box 201301
     Helena, MT 59620-1301

A lawsuit has been commenced by a pro se plaintiff against the following individuals:  Ross Swanson, Matthew Saville, Tom Woods, and Denise Deyott.  A copy the Complaint is attached to this notice.  It has been filed in the United States District Court for the District of Montana, Civil Action No. CV-11-00065-H-DWM-RKS.  The Court has completed its pre-screening and concludes Defendants must file a responsive pleading.  See 42 U.S.C. §1997e(c), (g)(2); 28 U.S.C. §§1915(e)(2), 1915A(a), (b).

This is not a formal summons or notification from the Court, but rather a request that you sign and return the enclosed waiver of service in order to save the cost of service by the U.S. Marshal's Service.  The cost of service will be avoided if you return the signed Waiver of Service of Summons within 30 days after the entry date reflected on the Notice of Electronic Filing of the "Order to Serve Complaint by Requesting Waiver of Service of Summons," which was served with this Notice.

If you comply with this request and return the waiver to the Court, it will be filed with the Court and no summons will be served.  The action will then proceed as if you had been served on the date the waiver is filed, except you must file an answer or appropriate motion before 60 days from the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

If you do not wish to waive service on behalf of Defendants, please indicate this on the Waiver of Service of Summons form.  The Court will, in turn, order the U.S. Marshal's Service to serve the Complaint personally on Defendants and may impose the full costs of such service.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge

# WAIVER OF SERVICE OF SUMMONS

TO:    The U.S. District Court for the District of Montana

      The following Defendants acknowledge receipt of your request that they waive service of summons in the following action: Evans v. Montana State Prison, et al., Civil Action No. CV-11-00065-H-DWM-RKS filed in the United States District Court for the District of Montana.  Defendants have also received a copy of the Amended Complaint.  I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____; _____;

_____; _____;

_____; _____;

      The above-named defendants retain all defenses or objections to the lawsuits or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons.  I understand judgments may be entered against the above-named defendants if an answer or motion under Fed.R.Civ.P. 12 is not served within 60 days after the date the Order directing the Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

      I decline to waive service on behalf of the following defendants:

_____; _____;

_____; _____;

_____; _____;


_____        _____
DATE                                    SIGNATURE

                                            _____
                                            PRINTED/TYPED NAME

                                            _____

                                            _____
                                            ADDRESS